IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DRISKELL,

        Plaintiff,                    No. CIV S-08-1118 JAM DAD PS

    v.

SACRAMENTO DEPT OF
CHILD SUPPORT SERVICES,                FINDINGS AND RECOMMENDATIONS

        Defendant.

_____/

        Plaintiff, proceeding pro se, commenced this civil action by filing an untitled pleading and an application to proceed in forma pauperis. The proceeding has been referred to the undersigned pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, the determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.

        Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss the case if the allegation of poverty is found to be untrue, or if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d

1

1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327;28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, even a pro se pleading must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).

Plaintiff's complaint begins with his assertion that he "assumes this Court to have both Personal as well as Subject Matter Jurisdiction in this case." (Compl. at 1.) Plaintiff is advised that he may not assume that the court has jurisdiction over his claims. Pursuant to Rule 8(a)(1), plaintiff is required to make a "short and plain statement of the grounds upon which the court's jurisdiction depends."

In this instance, plaintiff's assumption regarding the court's subject matter jurisdiction is erroneous. Plaintiff describes himself as a respondent in an action brought by the County of Sacramento for child support. Plaintiff alleges that he has had custody of the child at

issue since her birth and that he "still lives with his child and her mother." Plaintiff asserts that he has brought five actions seeking to demonstrate to Child Support Services and the Family Court that he should not have to pay child support, but they have refused to acknowledge his evidence. Plaintiff claims that his driver's license has been suspended more than once, apparently for failure to pay child support, which interferes with his ability to accept lucrative employment. Plaintiff believes the courts have been sexist in their decisions in his case.

Plaintiff seeks three million dollars as damages for loss of wages, ruination of his credit, prevention of gainful employment, mental anguish, and years of abuse by Sacramento County's Department of Child Support Services and its attorney. Plaintiff also seeks injunctive relief in the form of a temporary halt to the Order to Withhold child support until this court examines his evidence. Finally, plaintiff seeks an order restoring his driving privileges and vacating all previous suspensions of his license.

Federal district courts lack jurisdiction to review alleged errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court). The Rooker-Feldman doctrine applies to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). A federal district court is also prohibited from exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court order. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). Nor may a federal district court examine claims that are inextricably intertwined with state court decisions, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003). See also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir.

2006) (affirming district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [plaintiff's] domestic case"). "The purpose of the doctrine is to protect state judgments from collateral federal attack." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001).

The undersigned finds that plaintiff complains of injuries caused by state-court judgments rendered before this district court proceeding was commenced. He invites district court review and rejection of the state court's judgments. All of plaintiff's claims are inextricably intertwined with state court decisions regarding child support. Notably, a key element of the relief requested by plaintiff is "a temporary halt" to the state court order to withhold money from plaintiff's wages for child support payments. This court cannot review the judicial decisions made by the state court for the purpose of halting and ultimately voiding the state court's orders. "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined," and the district court lacks jurisdiction. Doe & Assocs., 252 F.3d at 1030. Plaintiff's federal claims are barred by the Rooker-Feldman doctrine and should be dismissed with prejudice because amendment would be futile.[1]

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 21, 2008 application to proceed in forma pauperis (Doc. No. 2) be denied because plaintiff's complaint fails to state a claim on which relief may be granted;

2. Plaintiff's claims be dismissed with prejudice pursuant to the Rooker-Feldman doctrine; and

---

[1] Plaintiff's claims would be subject to dismissal on other grounds if the Rooker-Feldman doctrine did not apply. The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought and even where jurisdiction is predicated on a federal question, absent the state's affirmative and unequivocal waiver of its immunity or congressional abrogation of that immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991).

4

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 3, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
driskell1118.ifpden.f&r